UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORA NATIVIDAD CENDANA, | ) | No. EDCV 14-2617 AGR |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Nora Natividad Cendana filed this action on December 23, 2014. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 9, 10.) On June 26, 2015, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

Cendana filed an application for disability insurance benefits and alleged an onset date of July 11, 2011.  Administrative Record ("AR") 127-28.  The application was denied initially and on reconsideration.  AR 56, 70.  Cendana requested a hearing before an Administrative Law Judge ("ALJ").  AR 84-85.  On August 20, 2013, the ALJ conducted a hearing at which Cendana and a vocational expert ("VE") testified.  AR 32-47.  On August 26, 2013, the ALJ issued a decision denying benefits.  AR 16-28.  On October 24, 2014, the Appeals Council denied the request for review.  AR 4-9.  This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

**III.**

**DISCUSSION**

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Cendana meets the insured status requirements through December 31, 2016. AR 21. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Cendana engaged in substantial gainful activity from July 11, 2011 through September 30, 2011. AR 21. From October 1, 2011 through the date of the decision, Cendana had the severe impairments of degenerative disc disease, stenosis, and spondylolisthesis of the lumbar spine; arthritis and degenerative disc disease in the bilateral knees status post arthroscopy of the left knee; and arthritis in the neck and right wrist. AR 21-22. Her impairments did not meet or equal a listing. AR 22.

The ALJ found that Cendana had the residual functional capacity ("RFC") to perform light work. She could lift and/or carry 20 pounds occasionally and 10 pounds frequently; and sit, stand and/or walk for six hours out of an eight-hour workday with regular breaks. She could push and/or pull as indicated for lifting and/or carrying, but

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

she could push and/or pull with her lower extremities on an occasional basis. She could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but could never climb ladders, ropes or scaffolds. She must avoid moving machinery and heights. AR 23. She was unable to perform past relevant work, but she had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. AR 26-27.

### C. Step Five of the Sequential Analysis

Cendana contends the ALJ's finding of transferable skills does not rest on substantial evidence.

At step five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry*, 468 F.3d at 1114. If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is disabled and entitled to disability benefits. *Id.* "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id.*

The ALJ relied on the VE's testimony that Cendana could perform jobs such as phlebotomist (Dictionary of Occupational Titles ("DOT")[2] 079.364-022), medical assistant (DOT 079.362-010), and staff nurse (DOT 075.374-022), all of which required skills acquired in Cendana's past relevant work as a registered nurse, but no additional skills. AR 27-28. The VE testified that Cendana's past relevant work required knowledge of how to care for patients in hospitals, nursing homes, or other medical facilities; dress, bathe, and undress patients; serve and collect food trays; provide

---

[2] The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

4

medications to patients; transport using wheelchairs and wheeled carts; draw blood; and record temperatures, blood pressure, pulse and respiration rates.  Her past relevant work also required knowledge of office procedures regarding medical files and treatment.  AR 45.

Cendana argues that the ALJ did not follow the methodology for addressing transferability of skills set forth in 20 C.F.R. § 404.1568(d)(2), which states:  "How we determine skills that can be transferred to other jobs.  Transferability is most probable and meaningful among jobs in which -- (I) The same or a lesser degree of skill is required; (ii) The same or similar tools and machines are used; and (iii) The same or similar raw materials, products, processes, or services are involved."  Cendana contends that the VE did not identify tools or machines, or raw materials, products, processes, or services involved.

As the Commissioner argues, complete similarity of skills is not necessary.  20 C.F.R. § 404.1568(d)(3)).  The VE's testimony and the DOT indicate that the phlebotomist, medical assistant, and staff nurse jobs involve "[t]he same or a lesser degree of skill," "[t]he same or similar tools," and "[t]he same or similar . . . services."  20 C.F.R. §§ 404.1568(d)(2), 416.968(d)(2); AR 45-46.  The registered nurse position (DOT 079.374-014) and the phlebotomist, medical assistant, and staff nurse positions are all occupations in medicine and health.  DOT 079.374-014, DOT 079.364-022, DOT 079.362-010, DOT 075.374-022.  Cendana's past relevant work required an SVP of 6, whereas the phlebotomist and medical assistant positions require the same or a lesser degree of skill.[3]  AR 46; DOT 079.374-014, DOT 079.364-022, DOT 079.362-010.  Cendana's past relevant work required medical services such as caring for patients, keeping records, taking vital signs, collecting blood, handling medical equipment, and giving injections, which involve the same or similar tools and services as the

---

[3] The VE testified that the staff nurse position required an SVP of 4, but the DOT indicates that the SVP level is 7.  AR 46; DOT 075.374-022.

5

phlebotomist, medical assistant, and staff nurse positions. AR 27, 45; DOT 079.374-014, DOT 079.364-022, DOT 079.362-010, DOT 075.374-022.

Accordingly, any error as to the phlebotomist and medical assistant jobs was harmless because it was "'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation omitted). The ALJ's step five determination is supported by substantial evidence.[4]

### D. Treating Physician

Cendana contends the ALJ erred in discounting the opinion of a treating physician, Dr. Chun.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical

---

[4] Contrary to Cendana's argument, *Renner v. Heckler*, 786 F.2d 1421 (9th Cir. 1986), does not apply because Cendana was 56 years old and limited to light work at the time of the decision. *See* 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4) (for claimants of advanced age under 60 years old and limited to light work, "we will apply the rules in paragraphs (d)(1) through (d)(3) of this section to decide if you have skills that are transferable to skilled or semiskilled light work"; for claimants age 60 and older limited to light work, "we will find that you have skills that are transferable to skilled or semiskilled light work only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry"); *see also Renner*, 786 F.2d at 1422 (Renner was 61 years old at time of hearing).

6

evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002).

On November 21, 2011, Dr. Chun, Cendana's Qualified Medical Examiner for her workers' compensation claim, opined in a Permanent and Stationary Report that Cendana was "permanent and stationary" and restricted to no bending, stooping or lifting greater than 10 pounds, and no prolonged walking or sitting greater than 30 minutes. AR 207. Dr. Chun stated, "Given these restrictions, it is unlikely [Cendana] will be able to return back [to] her usual and customary duties as a registered nurse on the general medical floor." *Id.*

The ALJ discounted Dr. Chun's conclusions, noting that the conclusion that Cendana was permanent and stationary was not determinative under the Social Security Act. AR 26. The worker's compensation and Social Security programs are two distinct programs. *See Desrosiers v. Sec. of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (unlike workers compensation guidelines, categories of work under the Social Security Act "are measured quite differently" and "are differentiated primarily in step increases in lifting capacities"); *see also Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (terms of art used in workers compensation proceedings are not equivalent to Social Security disability terminology.).

The ALJ found that Dr. Chun's conclusions were inconsistent with his mild medical findings. AR 26. As the ALJ noted, Dr. Chun found that Cendana had a cautious appearing gait with restricted lumbar range of motion. AR 26, 200, 205. She was intact to sensory and motor examination of the lower extremities, and nerve root tension signs were negative. AR 200, 205-06. Dr. Chun's impression was Grade 1 degenerative L4-5 spondylolisthesis with stenosis. AR 206. Dr. Chun's findings were similarly mild in his prior report. On August 3, 2011, Dr. Chun found that Cendana was able to walk without supportive devices and without discomfort. She was able to change position and get on the examining room table without any difficulty. There was no gluteal atrophy. There was tender paraspinous muscle spasm at the lumbosacral

1    junction, and restricted lumbar range of motion secondary to pain.  The straight leg
2    raise test was negative, palpation of the sciatic notch and the popliteal space did not
3    cause radiculopathic pain, there was no tenderness of the piriformis muscles, and the
4    Femoral Stretch Test was negative.  Sensation was normal in both lower extremities,
5    dorsalis pedis pulses were 2+ bilaterally, and there was no abnormal swelling in either
6    lower extremity.  AR 214.  Lower extremity strength was 5/5.  AR 215.

7    Subsequently, on August 20, 2012, Dr. Chun found that Cendana had a normal
8    appearing gait with no sciatic list and no foot drop.  She had restricted lumbar range of
9    motion with tenderness at the lumbosacral junction.  AR 303.  Her work status was
10   modified duty.  AR 304.  On October 15, 2012, Dr. Chun found that Cendana's
11   examination remained unchanged, and her work status remained at modified duty.  AR
12   300-01.  On November 7, 2012, Dr. Chun stated she could not support Cendana's claim
13   of injury to the lower extremities and knees, which was likely referred pain from her
14   lower back condition.  AR 308.  On January 14, 2013, and March 20, 2013, Dr. Chun
15   found that Cendana's examination remained unchanged, and her work status remained
16   at modified duty.  AR 352-53, 356-66.

17   The ALJ gave significant weight to the opinions of the consultative examiner and
18   the State Agency medical consultants, who opined that Cendana could perform a range
19   of medium work or light work, respectively.  AR 26, 53-55, 63-67, 217-22.  The ALJ
20   found that their opinions were consistent with the objective medical evidence.  AR 26,
21   218-22, 322, 361, 364.  An examining physician's opinion constitutes substantial
22   evidence when it is based on independent clinical findings.  *Orn*, 495 F.3d at 631.  A
23   non-examining physician's opinion may serve as substantial evidence when it is
24   supported by other evidence in the record and is consistent with it.  *Andrews v. Shalala*,
25   53 F.3d 1035, 1041 (9th Cir. 1995); *see also Thomas*, 278 F.3d at 957.

26   Cendana argues that the consultative examiner did not have the benefit of a
27   subsequent MRI dated June 13, 2013.  The MRI post-dates Dr. Chun's reports as well.
28   The ALJ reviewed the most recent MRI and noted Cendana's testimony that in June

2013 she was able to fly to Florida for a two-week vacation without indicating any problem sitting for more than 30 minutes. AR 24-25, 42. The ALJ further restricted Cendana to light work, rather than the medium exertional level found by the consultative examiner. The State Agency medical consultant at the reconsideration level considered Cendana's available medical file through February 2013, and found that Cendana could perform a range of light exertional work. AR 61-67.

The ALJ articulated specific and legitimate reasons, supported by substantial evidence in the record, for discounting Dr. Chun's opinion. The ALJ did not err.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: October 15, 2015

ALICIA G. ROSENBERG
United States Magistrate Judge